UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. MISSUD,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-14-1503 EMC<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR A TEMPORARY RESTRAINING ORDER**<br><br>**(Docket Nos. 23-26)** |

        Mr. Missud has filed four requests for emergency temporary restraining orders. The first seeks to enjoin a public auction in which one of Plaintiff's vehicles will be sold. The remaining requests all deal with matters unrelated to the instant action. The requests for temporary restraining orders are **DENIED**.

        The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *See Beaty v. Brewer,* 649 F.3d 1071, 1072 (9th Cir.2011). The moving party must demonstrate: (1) the moving party's likely success on the merits; (2) likely irreparable harm to the moving party in the absence of relief; (3) the balance of equity tips in the moving party's favor; and (4) that the injunction is in the public interest. *Id.* (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). The moving party bears the burden of persuasion, and must make a clear showing. *Winter,* 555 U.S. at 22.

        Mr. Missud fails to make the requisite clear showing. Most glaringly, he has failed to show a likelihood of success on the merits. Plaintiff argues that the towing of his vehicle and subsequent

auction would constitute an illegal taking.  As has been explained to Plaintiff on more than one occasion, "[w]hen the government seizes property in the exercise of its police powers, the Takings Clause is not applicable.  This is true even if the plaintiff alleges the exercise of police power was illegitimate or unlawful." *Missud v. California*, No. C-12-5468 EMC, 2013 WL 450391, at *5 (N.D. Cal. Feb. 5, 2013) (citation omitted); *see also Missud v. California*, No. C-12-5468 EMC, 2012 WL 5269991, at *3 (N.D. Cal. Oct. 24, 2012).  Further, to the extent Plaintiff is asserting that the towing and potential sale of his vehicle constitute a violation of the due process clause, this Court has, again on multiple occasions, stated that tickets – even if given in "rapid succession" – constitute sufficient notice to meet the requirements of due process.  *See, e.g., Missud*, 2013 WL 450391, at *5.

While Mr. Missud allegedly faces the imminent sale of one of his vehicles, he has not demonstrated he was denied a hearing and an opportunity to raise his objections to the towing of his vehicle, or to pay the outstanding tickets, and retrieve his vehicle.  In fact, his filings show the contrary.  Moreover, Mr. Missud has waited until the day before the purported sale to seek the intervention of a federal court.

The request for a TRO is denied.  Furthermore, the Court denies Docket Nos. 24, 25, and 26, as these requests for temporary restraining orders seek to enjoin activity clearly outside the scope of the instant action.

The requests for temporary restraining orders described above represent the fourth, fifth, sixth and seventh TRO requests in this case.  In addition to these requests, Mr. Missud has filed numerous declarations containing sweeping, general, and fanciful allegations of illegal activity on the part of various law enforcement and judicial actors.  Outside the docket, Mr. Missud has bombarded Court staff with rambling e-mails further alleging everyone from state judicial actors to the Justices on the United States Supreme Court are involved in some form of a conspiracy.  Often, these emails take an aggressive and threatening tone.  As Judge Alsup has recently noted: "These threatening statements have no place in federal court or our country.  We have tolerated Mr. Missud's vexatious complaints, bizarre docket entries, spamming of court email addresses, and inappropriate behavior long enough.  This needs to end." *Missud v. LaPiere*, No. C14-01223 WHA, 2014 WL 1653198, at *3 (N.D. Cal. Apr. 24, 2014).

This Court agrees with Judge Alsup.  Plaintiff's frivolous requests for TROs and various other docket entries have consumed an inordinate amount of judicial resources.  Accordingly, Plaintiff is hereby barred from filing any further requests for injunctive relief or declarations in No. C-14-1503 without prior approval of this Court.  If Plaintiff wishes to file either, he shall first file a letter – not to exceed two pages (one-sided) of 12-point font, double spaced – in which he clearly and concisely asserts the nature of the proposed filing, the relief requested, and the legal authority upon which he will rely.

This order disposes of Docket Nos. 23, 24, 25 and 26.

IT IS SO ORDERED.

Dated:  May 28, 2014

_____
EDWARD M. CHEN
United States District Judge