UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. MISSUD,<br><br>   Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>   Defendants.<br>_____/ | No. C-14-1503 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, REMANDING STATE LAW CLAIMS TO STATE COURT, AND DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>**(Docket Nos. 31, 44)** |

  Currently pending before the Court is Defendant City and County of San Francisco's motion to dismiss Plaintiff Patrick A. Missud's complaint. The Court finds this matter suitable for disposition without a hearing and thus **VACATES** the hearing on the motion set for July 10, 2014. The Court hereby **GRANTS** the motion to dismiss as to Mr. Missud's cause of action under 42 U.S.C. § 1983. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** those claims to California Superior Court. Mr. Missud's application for an emergency temporary restraining order (Docket No. 44) is **DENIED** without prejudice to renewal before the California Superior Court.

## I. FACTUAL & PROCEDURAL BACKGROUND

  Mr. Missud filed the instant action in California state court on February 28, 2014. Docket No. 1-1, at 2. Mr. Missud's complaint is difficult to decipher. However, it appears that Mr. Missud is alleging that the City and County of San Francisco is engaged in a racketeering scheme related to its enforcement of traffic and parking ordinances. Specifically, Plaintiff alleges that the San

1  Francisco Police Department and Municipal Transit Authority issue citations for "expired tabs"
2  (presumably for not having up to date registration) and that after the vehicle has accumulated five
3  such citations, the City of San Francisco and Defendant Auto-Return tow the car and store it,
4  imposing "hefty fees" on the vehicle owner. *Id.* at 13.  Plaintiff alleges that he received five
5  "expired tabs" tickets in "*rabid* succession" *Id.*  Plaintiff alleges that part of the "racketeering
6  scheme" is the fact that the City and County of San Francisco have "[i]llegally demand[ed] 'holds'
7  on DMV re-registration so that it$ color-of-law citations are first paid." *Id.* at 4.  Another alleged
8  racketeering scheme is that the City and County of San Francisco attempts to "enforce
9  unenforceable, defective tickets" that do not include the last four digits of the vehicle's Vehicle
10 Identification Number ("VIN"). *Id.* at 14.  Plaintiff alleges he received a number of citations which
11 omitted the vehicle's VIN, and yet the "City insisted on their validity." *Id.*  Plaintiff's additional
12 allegations of wrongdoing all revolve around these alleged schemes related to traffic enforcement
13 and vehicle towing.

14      Mr. Missud's complaint asserts 5 causes of action, with one of the causes of action asserting
15 a violation of 42 U.S.C. § 1983. *Id.* at 17.  Mr. Missud never expressly states what constitutional
16 rights have been violated, but based on his subsequent filings, it appears that he is asserting that the
17 ticketing and towing practices constitute an unlawful taking under the Fifth Amendment and
18 violation of the Due Process Clause of the Fourteenth Amendment. *See* Docket No. 33, at 12; *see*
19 *also* Docket No. 6 ("The City is towing, storing, and selling property worth thousands of dollars
20 under the color of law.  These are illegal takings. Vehicle owners' due process rights are violated.").
21 On April 1, 2014, Defendants removed this action to this Court.

## II. DISCUSSION

23     In their motion to dismiss, Defendants allege that Mr. Missud's theories underlying his §
24 1983 cause of action have been previously rejected by this Court. Docket No. 31, at 8.  The Court
25 agrees and finds that collateral estoppel requires dismissal of Mr. Missud's § 1983 cause of action.

26     Collateral estoppel prevents parties from relitigating issues that were adjudicated in a
27 previous dispute between the same parties. *See Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318,
28 1320 (9th Cir. 1992).  Three factors must be considered before applying collateral estoppel: (1) the

issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). Here all three elements are met with regards to Mr. Missud's § 1983 action.

First, Mr. Missud's cause of action under 42 U.S.C. § 1983 is essentially identical to the claim brought In *Missud v. State of California, et al.*, No. 12-cv-5468. There, Mr. Missud rested his complaint on the same overarching "racketeering schemes" alleged in the instant action. For example, Mr. Missud's first amended complaint in that prior action alleged "Two illegal revenue-generating scheme$" perpetrated by the San Francisco Municipal Transportation Authority and Auto-Return. The first scheme was alleged to have been:

> In a first scheme, the City's Police, SFDPT, or SFMTA issue citations for "expired tabs." If a car collects five such citations, then the City and contractor AutoReturn, first tows the car for onerou$ fee$, and then stores it for ever more. Car Owners [CO] who might have trouble getting cars to pass smog, or are away and unaware of the many citations can have their cars quickly and illegally seized/unconstitutionally-taken by the City. Part of the City'$ scheme is to rapidly and rabidly issue the minimum number of citations which supposedly 'entitles' them to tow and store vehicles. The City thereby commits an illegal taking under color of law or without notice.

No. 12-cv-5468, Docket No. 12, at 7. Similarly, in this action, Mr. Missud makes an almost identical allegation:

> In a first scheme, San Francisco's: Police Department [$FPD]; Department of Parking and Traffic [$FDPT]; or Municipal Transit Authority [$FMTA], issue citations for "expired tabs." If a car collects five such citations, then the City and private-contractor Auto-Return, first tow the car for hefty fees, and then store it for even more cash. Car Owners [CO] who might have trouble getting cars to pass smog, or are away on vacation and unaware of the many citations, can have their cars illegally seized by the City. Part of the City'$ scheme is to rapidly and rabidly issue the minimum number of citations which supposedly "entitled" them to tow and store vehicles. The City thereby commits an illegal taking under color-of-law or without notice.

No. 14-cv-1503, Docket No. 1-1, at 13.

Similarly, Mr. Missud's prior case asserted the following "second scheme":

United States District Court
For the Northern District of California

> A second scheme which the City uses to illegally generate revenue is by trying to enforce unenforceable, defective tickets. The City's Vehicle Code requires that the last four digits of the VIN must be identified on citations, otherwise they are void. . . . [T]he City also issued Missud an unenforceable citation which omitted VIN ID and yet the City insisted on its validity.

No. 12-cv-5468, Docket No. 12, at 8. The same "second scheme" is alleged in Mr. Missud's instant complaint:

> A second scheme which the City uses to illegally generate revenue is by trying to enforce unenforceable, defective tickets. Vehicle Code 40202 mandates that the last four digits of the VIN must be identified on all citations, otherwise they're void and unenforceable.

No. 14-cv-1503, Docket No. 1-1, at 14. While the instant case alleges recent incidents of allegedly unlawful towings and citations, these incidents are alleged to be part of the same "racketeering scheme" alleged in the prior action.

  Second, there can be no dispute that Mr. Missud – the party against whom collateral estoppel is being applied – was the party that litigated the issues in the prior case. The fact that there are additional defendants in this action does not prevent the application of collateral estoppel. The Ninth Circuit has recognized the validity of defensive, nonmutual collateral estoppel, where a defendant precludes a plaintiff from relitigating an issue that the plaintiff had previously litigated unsuccessfully against a different party. *See State of Idaho Potato Com'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 713 n. 3 (9th Cir. 2005).

  Finally, the issues underlying Mr. Missud's § 1983 cause of action were actually litigated and formed an essential and necessary part of the Court's earlier judgment. This Court dismissed Mr. Missud's prior action, with prejudice, on February 5, 2013. *See Missud v. California*, No. C12-5468, 2013 WL 450391 (Feb. 5, 2013). First, the Court rejected Mr. Missud's taking clause claim:

> Plaintiff raises no cognizable claim under the Takings Clause of the Fifth Amendment because his allegations concern actions taken under the City's police powers. When the government seizes property in the exercise of its police powers, the Takings Clause is not applicable. This is true even if the Plaintiff alleges that the exercise of police power was illegitimate or unlawful. Towing cars that have accumulated an excessive number of parking tickets is an exercise of police power, and not a taking for public purposes within the meaning of the Takings Clause.

4

*Id.* at *4. Second, the Court rejected Plaintiff's procedural due process challenge.  The Court noted that "[u]nder the due process requirements of the Fourteenth Amendment, the government generally must give notice before seizing property" and that  the Ninth Circuit had "recognized that a ticket previously left on a car's windshield is sufficient to meet the notice requirement for towing a car." *Id.* at *5 (citing *Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008)).  That the citations were issued rapidly did not alter the Court's analysis.  *Id.*  Finally, the Court noted that the "requirements of due process are satisfied where a parking ticket provides notice of the charges and the procedures for challenging the ticket." *Id.* (citing *Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007)).

Mr. Missud appealed this Court's dismissal of his case to the Ninth Circuit, who affirmed in an unpublished memorandum disposition.  *See Missud v. California*, 539 F. App'x 809 (9th Cir. 2013).  The Supreme Court denied Mr. Missud's petition for a writ of certiorari approximately one month before Mr. Missud filed the instant action in California Superior Court.  *See Missud v. California*, 134 S. Ct. 904 (2014).

Accordingly, Mr. Missud's federal cause of action under 42 U.S.C. § 1983 is **DISMISSED** with prejudice on collateral estoppel grounds.  Even if the Court were to reach the merits, the Court would dismiss the § 1983 claim for the reasons previously stated; Mr. Missud has failed to state a § 1983 claim.

Having dismissed Mr. Missud's federal claim, the Court must determine whether to continue to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  *Id.*  When deciding whether to continue exercising supplemental jurisdiction, a district court should be guided by consideration of a balance of the factors of "'judicial economy, convenience, fairness, and comity.'"  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Given the early stage of proceedings and California's interest in applying its own law, the Court declines to exercise supplemental jurisdiction over Mr. Missud's state law claims and **REMANDS** this action to California state court.  *See Carnegie-Mellon*, 484 U.S. at 350 ("[W]hen

the federal-law claims have dropped out of the lawsuit in its early states and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted as to Mr. Missud's cause of action under 42 U.S.C. § 1983. This claim is **DISMISSED** with prejudice.

The Court declines to exercise supplemental jurisdiction over Mr. Missud's remaining state law claims and **REMANDS** those claims to the Superior Court of California for the County of San Francisco.

Mr. Missud's application for a temporary restraining order (Docket No. 44) is **DENIED** without prejudice to his renewing the request before the California Superior Court.

This order disposes of Docket Nos. 31 and 44.

IT IS SO ORDERED.

Dated: July 8, 2014

_____
EDWARD M. CHEN
United States District Judge